IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

GOODWILL INDUSTRIES OF )
CENTRAL OKLAHOMA, INC., )
d/b/a GOODWILL CAREER )
PATHWAYS INSTITUTE, )
  )
      Plaintiff, )
  )
v. ) No. CV-20-511-R
  )
  )
PHILADELPHIA INDEMNITY )
INSURANCE COMPANY, )
  )
      Defendant. )

## ORDER

Before the Court is Plaintiff's Motion to Abstain from Exercising Jurisdiction and Remand and Brief in Support. Doc. No. 12. Defendant filed an Opposition to Plaintiff's Motion, Doc. No. 18, and Plaintiff filed a Reply in Support of its Motion. Doc. No. 19. Plaintiff, Goodwill Industries of Central Oklahoma, Inc. ("Goodwill"), is a not-for-profit corporation operating various locations throughout central Oklahoma. Doc. No. 12, p. 2. Defendant, Philadelphia Indemnity Insurance Company ("PIIC") is a Delaware corporation with its principal place of business in Pennsylvania. Doc. No. 1, ¶ 3.

Goodwill purchased an insurance policy ("the Policy") underwritten by PIIC for the "period from May 1, 2019 to May 1, 2020." Doc. No. 1-1, p. 2. The policy includes coverage for losses incurred by "direct physical loss of or damage to property at premises" operated by Goodwill throughout central Oklahoma. *Id.* pp. 2-3. Additionally, Goodwill alleges that "[PIIC] added an endorsement to the Policy that purports to exclude coverage

for loss due to virus or bacteria." *Id.* p. 5. The endorsement is titled "Exclusion of Loss Due to Virus or Bacteria" ("Virus Endorsement"), and it "applies to all coverage under all forms and endorsements …, including … damage to buildings or personal property and … business income, extra expense, or action of civil authority." Doc. No. 1-1, p. 100.

On March 15, 2020, the Governor of Oklahoma issued an Executive Order declaring a state of emergency as a result of the eighth case of the novel coronavirus ("COVID-19") in Oklahoma. *Id.* p. 3. Soon after, mayors in cities across central Oklahoma required the "suspension of non-essential businesses," causing Goodwill to close its locations in each respective city. *Id.*

Goodwill alleges its closures caused it to "sustain[] direct physical loss or damage to its property … covered by the Policy." *Id.* p. 7. PIIC argues that the Policy does not cover the closures resulting from COVID-19. Doc. No. 8, pp. 12, 14.

Goodwill filed suit in the District Court of Cleveland County on May 6, 2020, seeking a declaratory judgment from the Court that "Goodwill sustained 'direct physical loss' of or damage to its property" from the mandated closures enacted in response to COVID-19. Doc. No. 1-1, ¶ 18. On June 1, 2020, PIIC removed this action from state court pursuant to 28 U.S.C. §§ 1332 and 1441.[1] However, Goodwill asks the Court to decline to exercise its jurisdiction and remand the case to state court. Doc. No. 12, p. 4. Accordingly, the Court must decide whether to abstain from exercising its diversity jurisdiction over Goodwill's declaratory judgment action.

---

[1] "Goodwill does not dispute the Court has jurisdiction." Doc. No. 12, p. 4.

The Declaratory Judgment Act states that a court "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). Thus, district courts retain discretion to decide whether to entertain an action under the Declaratory Judgment Act, even when the dispute satisfies subject matter jurisdictional requirements. *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942). "Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). In *Wilton*, the Court characterized the Declaratory Judgment Act as a "remedial arrow in the district court's quiver" establishing "an opportunity, rather than a duty, to grant a new form of relief."[2] *Id.* at 288.

The Tenth Circuit addressed a district court's discretionary decision in *State Farm Fire Cas. Co v. Mhoon*, 31 F.3d 979 (10th Cir. 1994), instructing district courts to consider the following factors when deciding whether to "declare the rights and other legal relations" under the Declaratory Judgment Act:

i) whether a declaratory action would settle the controversy;
ii) whether it would serve a useful purpose in clarifying the legal relations at issue;
iii) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to *res judicata*";
iv) whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and
v) whether there is an alternative remedy which is better or more effective.

---

[2] In *Wilton*, the Court declined to "delineate the outer boundaries" of a district court's discretion. Notably, the Court explained that it did not decide whether such discretion applies to "cases in which there are no parallel state proceedings." *Wilton*, 515 U.S. at 290.

*Mhoon*, 31 F.3d at 983. Under *Mhoon*, the Court is "obligat[ed] to weigh these various factors when deciding whether to hear a declaratory judgment action." *Id.* at 983. Both parties agree that the declaratory judgment action would settle the controversy[3] and serve a useful purpose in clarifying the legal relations at issue.[4] Thus, the Court must only address the third through fifth *Mhoon* factors.

## I.   The Third *Mhoon* Factor

Goodwill argues that the third factor is neutral because "there is no evidence either party engaged in 'procedural fencing.'" Doc. No. 12, p. 8. PIIC responds that "the third *Mhoon* factor cuts against Plaintiff … [because] the only 'procedural fencing' here is Plaintiff's own claim-splitting strategy." Doc. No. 18, p. 9 n. 3. At this time, the only claim before the Court is the claim for declaratory judgment, thus, the Court will not speculate as to future claims that the Plaintiff or Defendant may bring. Therefore, the Court finds the third *Mhoon* factor to be neutral.

## II.   The Fourth *Mhoon* Factor

"[T]he Supreme Court directed that we prevent the 'gratuitous interference with the orderly and comprehensive disposition' of a pending state court action." *Grand Trunk W. R. Co. v. Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984) (quoting *Brillhart*, 316

---

[3] Goodwill conceded that the first *Mhoon* factor, "whether the declaratory judgment action would settle the controversy," weighs in PIIC's favor because "a declaration … would presumably settle the controversy." Doc. No. 12, p. 8. PIIC noted Goodwill's concession, without elaborating on its position. Doc. No. 18, pp. 12-13. In its motion to dismiss, PIIC argues that "Plaintiff's declaratory judgment claim would not resolve the dispute between the parties." Doc. No. 8, p. 19. However, whether a declaratory judgment action completely resolves the dispute depends on the success of Goodwill's claim. For the purposes of this motion, however, because the parties do not dispute one another's position, the Court accepts Goodwill's concession and notes that the first two *Mhoon* factors weigh in PIIC's favor.

[4] "Because this case is limited to a coverage dispute, and a declaration of whether Goodwill's losses are covered would presumably settle the controversy, the first two factors admittedly weigh in PIIC's favor." Doc. No. 12, p. 8.

U.S. at 495). In *Grand Trunk*, the Sixth Circuit explained that requesting the district court "to do what the state court ha[d] already refused to do … [would] create unnecessary friction between the federal and state courts." *Id.* The Court, adopting what are known in the Tenth Circuit as the *Mhoon* factors, concluded that the district court erred in giving declaratory judgment because of its interference with the state court litigation. *Id.* at 327.

However, "the absence of a pending parallel state court proceeding makes it less likely that by choosing to exercise jurisdiction over the action, this court will cause friction with the state court." *Bd. of Cnty. Comm'rs. of Cnty. of Marshall v. Cont'l W. Ins. Co.*, 184 F. Supp. 2d 1117, 1122 (D. Kan. 2001); *see also Nw. Pac. Indem. Co. v. Safeway, Inc.*, 112 F. Supp. 2d 1114, 1121 (D. Kan. 2000) (noting declaratory jurisdiction would cause unnecessary friction because the dispute … "*remain[ed] active*.") (emphasis added); *United Specialty Ins. Co. v. Conner Roofing & Guttering, LLC*, No. 11-CV-0329-CVE-TLW, 2012 WL 208104, at *5 (N.D. Okla. Jan. 24, 2012) (finding that the *Mhoon* factors did not support declining jurisdiction because "[the] case [did] not present any substantial factual or legal issue … litigated in the state court lawsuit."); *W. Am. Ins. Co. v. Atyani*, 338 F. Supp. 3d 1227, 1234 (D.N.M. 2018) (finding no unnecessary friction between state and federal courts when the district court suit addressed "interpretation … in the liability policies" and the related state court suit addressed a violation of a city ordinance.).[5]

---

[5] The district court for the district of New Mexico explained that "[i]f ongoing state court proceedings do not qualify as 'parallel' with a federal declaratory judgment action, the district court's discretion to abstain from deciding the declaratory judgment action is limited." *Hartford Fire Ins. Co. v. Gandy Dancer, LLC*, No. CIV 10-0137 JB/RHS, 2011 WL 1336523, at *12 (D.N.M. Mar. 30, 2011) (quoting 12-57 M. Redish *Moore's Federal Practice* § 57.42 (3d ed. 1999)).

Goodwill argues that "this case was removed pursuant to diversity jurisdiction and thus implicates no federal statutory law." Doc. No. 12, p. 9. However, district courts retain an interest in exercising jurisdiction over diversity cases. *See e.g., Valls v. Allstate Ins. Co.*, 919 F.3d 739, 743 (2d Cir. 2019). The Supreme Court articulated this interest by stating that "we can discern in [Congress's] action no recognition of a policy which would exclude cases from the jurisdiction merely because they involve state law or because the law is uncertain or difficult to determine." *Meredith v. City of Winter Haven*, 320 U.S. 228, 236 (1943).

Goodwill alternatively argues that the issue "is one of first impression," and thus is "best addressed by Oklahoma courts." Doc. No. 12, p. 11. However, "[a]n insurance policy is a contract, and the rules … for the construction of written instruments apply to contracts of insurance equally with other contracts." *Tri-State Cas. Ins. Co. v. Loper*, 204 F.2d 557, 558 (10th Cir. 1953). Further, the Tenth Circuit has "expressly recognized that one of the primary functions of the [Declaratory Judgment] Act is to provide … a forum" for having an insurer's liability declared. *Farmers All. Mut. Ins. Co. v. Jones*, 570 F.2d 1384, 1386 (10th Cir. 1978) *citing Western Casualty and Surety Co. v. Teel*, 391 F.2d 764, 766 (10th Cir. 1968).

The risk of unnecessary friction between the state and federal courts is low because there is no pending state litigation nor any special interest preventing the federal court from exercising its jurisdiction, and thus, the fourth *Mhoon* factor weighs in PIIC's favor.

### III. The Fifth *Mhoon* Factor

A more effective alternative remedy may exist when "the same issues [are] involved in … pending state proceedings." *St. Paul Fire & Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1169 (10th Cir. 1995); *see also Kunkel v. Continental Casualty Co.*, 866 F.2d 1269, 1276 (10th Cir. 1989) (explaining that the Court "should not entertain a declaratory judgment action over which it has jurisdiction if the same fact-dependent issues are likely to be decided in another pending proceeding.").

However, here, there is no pending state proceeding. Thus, a better or more effective alternative is unavailable. "If the federal courts in Oklahoma are closed to insurers and insureds seeking declaratory relief, it will leave all the parties […] in a precarious position." *Horace Mann Ins. Co. v. Johnson ex rel. Johnson*, 953 F.2d 575, 578 (10th Cir. 1991) (concluding that the district court abused its discretion "in declining to exercise jurisdiction over the declaratory judgment action."); *see also Allstate Ins. Co. v. Brown,* 920 F.2d 664, 668 (10th Cir. 1990) (holding that even staying a declaratory judgment action on liability insurance coverage pending resolution of the underlying tort litigation in state court was inappropriate).

"Declaratory judgment actions are … useful in actions where[] insurance companies seek to have their liability declared." *Farmers All. Mut. Ins. Co. v. Jones*, 570 F.2d 1384, 1386 (10th Cir. 1978). Without an alternative remedy currently available, the fifth factor weighs in PIIC's favor.

**IV.     Conclusion**

After weighing the factors outlined in *Mhoon*, the Court finds that it should entertain the Declaratory Judgment Action properly removed by PIIC. Therefore, Goodwill's Motion to Abstain from Exercising Jurisdiction and Remand is DENIED IN ITS ENTIRETY.

**IT IS SO ORDERED** on this 9th day of November 2020.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE